# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JULIO ANTHONY OROZCO AND PAOLA ALEJANDRA OROZCO**<br><br>     Plaintiffs<br><br>v.<br><br>**ANDRE DENARD SCOTT**<br><br>     Defendant | **CIVIL ACTION NO. 6:25-cv-500** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Julio Anthony Orozco and Paola Alejandra Orozco ("Plaintiffs") file this Original Complaint complaining of Defendant Andre Denard Scott ("Defendant"), and for cause of action states the following:

### I.     PARTIES

1.     Plaintiff Julio Anthony Orozco is an individual residing in Clark County, Nevada. The last three digits of his driver's license are 704.

2.     Plaintiff Paola Alejandra Orozco is an individual residing in Clark County, Nevada. The last three digits of her driver's license are 649.

3.     Defendant Andre Denard Scott is an individual who resides and may be served at 19472 Farm to Market 850 Road, Arp, Texas 75750.

### II.     DISVERSITY JURISDICTION

4.     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. §

1332(a). Plaintiffs Julio Anthony Orozco and Paola Alejandra Orozco are now, and were at the time the lawsuit was filed, citizens of the State of Nevada. Defendant Andre Denard Scott is now, and was at the time the action was commenced, a citizen of the State of Texas. Also, Plaintiffs allege that the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332.

### III.  FACTS

5.  Upon information and belief, this lawsuit is based on a motor vehicular collision occurring on or about January 26, 2024, on Post Oak Road near State Highway 31 in Kilgore, Texas (hereinafter referred to as "The Collision").

6.  Upon information and belief, The Collision was proximately caused by the negligence and / or negligence *per se* of Defendant.

7.  Upon information and belief, Plaintiffs Julio Anthony Orozco and Paola Alejandra Orozco was traveling on Post Oak Road. As Plaintiffs were approaching the stop sign at the State Highway 31 intersection, a motor vehicle driven by Defendant Andre Denard Scott failed to control speed and failed to maintain a safe and assured clear distance, and struck Plaintiffs' vehicle from behind.

8.  Upon information and belief, as a result of The Collision, Plaintiffs Julio Anthony Orozco and Paola Alejandra Orozco suffered serious and severe injuries and damages.

### IV.  CAUSES OF ACTION

#### Negligence and/or Negligence *Per Se*

9.  Upon information and belief, at the time of The Collision, Defendant Andre Denard Scott was negligent and / or negligent *per se* in one or more of the following particulars:

a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
d. In failing to yield the right-of-way;
e. In failing to maintain his vehicle under control;
f. In following too closely;
g. In disregarding traffic signals;
h. In failing to take proper evasive action;
i. In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
j. In violating Texas Transportation Code Sections 545.062 (following distance), 545.351 (maximum speed requirement) and 545.4251 (use of portable wireless communication device for electronic messaging).

10. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiffs' injuries and damages.

## V.     PERSONAL INJURIES AND DAMAGES

11. As a result of Defendant Andre Denard Scott's negligent actions, Julio Anthony Orozco suffered personal injuries. Consequently, Julio Anthony Orozco seeks recovery of the following damages:

a. Medical Expenses: Julio Anthony Orozco incurred bodily injuries which were caused by The Collision and Julio Anthony Orozco incurred medical expenses for treatment of such injuries. Julio Anthony Orozco believes that, in reasonable medical probability, such injuries will require the need for future medical care.

b. Physical Pain: Julio Anthony Orozco endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

c. Mental Anguish: Julio Anthony Orozco endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates

such mental anguish will continue in the future.

    d.    <u>Impairment</u>: Julio Anthony Orozco endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    e.    <u>Loss of Earning Capacity</u>: Julio Anthony Orozco lost earnings as a result of the personal injuries sustained in The Collision. Julio Anthony Orozco reasonably believes that such injuries will diminish Julio Anthony Orozco's earning capacity in the future.

12. As a result of Defendant Andre Denard Scott's negligent actions, Paola Alejandra Orozco suffered personal injuries. Consequently, Paola Alejandra Orozco seeks recovery of the following damages:

    a.    <u>Medical Expenses</u>: Paola Alejandra Orozco incurred bodily injuries which were caused by The Collision and Paola Alejandra Orozco incurred medical expenses for treatment of such injuries. Paola Alejandra Orozco believes that, in reasonable medical probability, such injuries will require the need for future medical care.

    b.    <u>Physical Pain</u>: Paola Alejandra Orozco endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c.    <u>Mental Anguish</u>: Paola Alejandra Orozco endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d.    <u>Impairment</u>: Paola Alejandra Orozco endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    e.    <u>Loss of Earning Capacity</u>: Paola Alejandra Orozco lost earnings as a result of the personal injuries sustained in The Collision. Paola Alejandra Orozco reasonably believes that such injuries will diminish Paola Alejandra Orozco's earning capacity in the future.

13. Plaintiffs will continue to suffer from these injuries or damages for the rest of their life and seek compensation for such future damages.

14. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

## VI. AGGRAVATION

15. In the alternative, if it be shown that Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## VII. U.S. LIFE TABLES

16. Notice is hereby given to the Defendant that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Federal Rule of Evidence 201 and 1005.

## VIII. JURY DEMAND

17. Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial of this matter.

## IX. RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that Defendant be summoned to appear and answer and that this case be tried after which Plaintiffs recover:

  a. Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages set forth herein;
  b. Pre-judgment interest at the maximum amount allowed by law;
  c. Post-judgment interest at the maximum rate allowed by law;
  d. Costs of suit; and

      e.      Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REYES BROWNE LAW**

<u>/s/ Joseph Trinca</u>
**Joseph Trinca**
State Bar No. 24134603
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
jtrinca@reyeslaw.com

**ATTORNEY FOR PLAINTIFFS**